E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

WILLIAM RIVERA
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

GEORGE LITTLE
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

| NOTICE |
|---|
| Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint. |
| The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2). |
| If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.** |

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

**I.  The Parties to This Complaint**

**A.  The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: WILLIAM RIVERA
All other names by which you have been known: WILLIAM RIVERA
ID Number: DN-4295
Current Institution: S.C.I. Phoenix
Address: 1200 Mokychic Drive
Collegeville, PA 19426
City / State / Zip Code

**B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: GEORGE LITTLE
Job or Title (if known): Secretary of Department of Corrections
Shield Number:
Employer:
Address: 1920 Technology Parkway
Mechanicsburg, PA 17050
City / State / Zip Code

[X] Individual capacity    [X] Official capacity

Defendant No. 2
Name: JAIME SOBER
Job or Title (if known): Facility Manager of S.C.I. Phoenix
Shield Number:
Employer: GEORGE LITTLE
Address: 1920 Technology Parkway
Mechanicsburg, PA 17050
City / State / Zip Code

[X] Individual capacity    [ ] Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
  Name: R. TERRA
  Job or Title (if known): Deputy Superintendent Facility Management
  Shield Number:
  Employer: JAIME SOBER
  Address: 1920 Technology Parkway
  City: Mechanicsburg   State: PA   Zip Code: 17050
  [X] Individual capacity   [ ] Official capacity

Defendant No. 4
  Name: J. TERRA
  Job or Title (if known): Deputy Superintendent Centralised Services
  Shield Number:
  Employer: JAIME SOBER
  Address: 1920 Technology Parkway
  City: Mechanicsburg   State: PA   Zip Code: 17050
  [X] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

  [ ] Federal officials (a *Bivens* claim)

  [X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See attached civil complaint

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

_N/A_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_See attached civil complaint_

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☒ Other *(explain)* _Capital Case_

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_N/A_

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_See attached civil complaint_

C. What date and approximate time did the events giving rise to your claim(s) occur?

*See attached civil complaint*

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*See attached civil complaint*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*See attached civil complaint*

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*See attached civil complaint*

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

S.C.F. PhoeNix, 1200 Mokychic Drive, Collegeville PA. 19426

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

1, 8, aNd 14 AmeNdmeNts to the U.S. CoNstitutioN.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   S.C.I. Phoenix were the events given rise to my claims occured.

2. What did you claim in your grievance?

   Violations to my 1, 8, and 14 Amendments civil and constitutional rights.

3. What was the result, if any?

   Grievance was denied, Appeal denied, Appeal to Central office and denied.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F.  If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) ___N/A___
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   ___N/A___

3. Docket or index number
   ___N/A___

4. Name of Judge assigned to your case
   ___N/A___

5. Approximate date of filing lawsuit
   ___N/A___

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. ___N/A___

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ___N/A___

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)  N/A
   Defendant(s) N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number
   N/A

4. Name of Judge assigned to your case
   N/A

5. Approximate date of filing lawsuit
   N/A

6. Is the case still pending?
   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition    N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9-21-22

Signature of Plaintiff: William Rivera
Printed Name of Plaintiff: William Rivera
Prison Identification #: DN-4295
Prison Address: 1200 Mokychic Drive
Collegeville, PA 19426
City, State, Zip Code

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City, State, Zip Code

Telephone Number
E-mail Address

IN THE UNITED STATE DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

William Rivera                              :  Civil Action NO.
            Plaintiff                       :
                                            :
        vs.                                 :
George M. Little, et al.                    :
            Defendants                      :  Jury Trial Demand

## I. Introduction

This is a civil right action filed by William Rivera, Pro-Se, a Capital Case State Inmate, for Declaratory, Injunctive, and Monetary relief Under 42 U.S.C. §1983 for Violations of his civil rights protected by the 1, 8, and 14 Amendments to the U.S. Constitution and the American With disabilities, and section 504 of the rehabilitation Act.

Plaintiff also alleges the Torts of intentional, intentional infliction of emotional distress, intentional fliction of mental pain and anguish, intentional infliction of severe depression and other mental health problems. Calculated harrasment, Negligence and gross negligence —— to include §1983 civil conspiracy.

## II Jurisdiction

1. This Court has jurisdiction over this action Under 42 U.S.C. §§ 1331 and 1343, to Plaintiff Claims of violation of Federal Constitutional rights.

2. Plaintiff Claims for injunctive relieve are authored by 28 U.S.C. §§ 2283, and Rule 65 o the Fed. R. Civ. Pro.

3. Plaintiff seeks declaratory relief pursuant 28 U.S.C. §§ 2201 and 2202.

4. The court has supplemental jurisdiction over the Plaintiff's State Tort claims Under 28 U.S.C 367.

## III. Parties

5. Plaintiff William Rivera, at all times relevant during the events described in this Complaint s incarcerated at S.C.I. Phoenix Capital Case Unit, and is now illegaly being housed on a non Capital Case it at S.C.I Phoenix.

6. Defendant J. Terra is a Deputy Superintendent for Centralize Cervices employed at S.C.I Phoenix. He is in charge of conducting Administrated Hearings for the Program Review Committee (PRC) and mak Inmate recomendation and designation to the RRL. He is sued in his individual capacity.

7. Defendant J. Sorber is a facility Manager employed at S.C.I. Phoenix. He is in charge of The daily operations of S.C.I. Phoenix and oversees all security for the jail. He is also in charge of reviewing all Administrated procedures and appeals —— to include all desicions make by the PRC and recomendations for placement on RRL. He is sued in his individual capacity.

8. Defendant George Little is the Secretary for all Department of Corrections employed by The PA D.O.C to work at Central Office. He is in charge of reviewing all RRL recomendations for Final approval and is the only person with Final authority to remove and ANY Inmate from RRL —

1

=Signation. He is also in charge of creating policy and ensuring that policy is enforced throughout the D.O.C. He is sued in his individual and official capacities.

## Facts.

10. On Wednesday 4, February, 1998 Plaintiff was found guilty of Murder of the first degree and sentenced to Death to serve his sentence on a Capital Case Unit (see Notice of Execution attached as Exhibit A).

11. On or approximately April 1998 Plaintiff was designated to live in the Capital Case Unit along with all other Capital Case inmates pending Plaintiff's execution at SCI-Greene, then on 2003, December 18 transferred to SCI-Graterford

12. ON 7/11/2018 Plaintiff was transferred from SCI-Graterford to SCI-Phoenix, After SCI-Graterford was Closed Down.

13. On 7/11/2018 When Plaintiff was transferred to SCI-Phoenix, Plaintiff was housed on M-Unit along with all other similarly situated capital case Inmates pending execution

14. On Nov. 12, 2019 a class action came to a settlement agreement in Reid v. Wetzel No. 1:18-cv-00176

15. The agreement read in part. "Settlement agreement dated Nov. 12, 2019." The terms of the agreement represents a sea change in the class members conditions of confinement. As a result, the Capital case Unit (P-Unit) will no longer be classified as a level 5 housing Unit required enhance security protocol. It will instead be operated as a general population Unit of EXCLUSIVELLY DEATH SENTENCE PRISON capital case Unit Inmates will no longer be strip searched, shackled, tethered, or physically restrained when moved about their own Capital Case Unit. They are permitted to obtain jobs both on and outside the Unit placements. They have access to Congregate Religious Services. Importantly, Class members are offered at least 42.5 hours of out of cell time per week and allowed Contact Visit Lasting (3) hours no less than (1) hour a week. Doc Compliance with the Agreement's term will be monitored by an Independent techical Compliance Consultation for the duration of agreement (see Exhibit B).

16. Prior to the settlement agreement, the D.O.C. was implementing some changes to the Capital Case population in allowing Capital Case contact visits (see Exhibit C).

17. Approximately on December 2021 all Capital Case Inmates housed on M-Unit were moved to P-Unit including Plaintiff.

18. On 3.17.21, Plaintiff received a prison Misconduct for Assault. And Plaintiff was given 90 days of disciplinary time and lost of Job.

19. Plaintiff was removed from his Capital Case Unit on P-B-2001 and assigned to serve Plaintiff 90 days of disciplinary time on A-Unit C-1007.

10. ON 6.14.21 Plaintiff 90 days of disciplinary time was ever but was not sent back to his Capital Case Unit Instead Defendants Deputy J-Terra whom form part of the P.R.C. Conducted a PRC Hearing Where Plaintiff was called and Defendant J-Terra Notified Plaintiff that he would not be returned back to Plaintiff Capital Case Unit and that Defendant Deputy J-Terra is going to hold Plaintiff on the RHU A-Unit, and recomend that Plaintiff be hold in AC-Status, pending (RRL) Restricted Release List, Placement. (PRC Hearing on 6.16.21 on A-Unit, RHU).

11. Plaintiff immediately Informed Defendant Deputy J-Terra, that on Plaintiff Criminal Case at Docket NO. CP-51-CR-902431-1996, Plaintiff was sentenced to death to be serve his time on a capital case Unit, and that as such, the Defendant could not remove Plaintiff from the Capital Case Unit and designate the Plaintiff to a non-capital case unit without a proper Court order; that the defendant actions violated the law; and; that Plaintiff wanted to immediately be returned back to P-Unit along with all Capital Case Unit Inmates by Law.

2

22. Defendant Deputy J-Terra told Plaintiff "I will Make the recomendation for you to be placed on RRL and pass it on to the higher ups. I don't Like You Capital Case, You All should be Locked down and put the death not walking around free."

23. On 6.28.21 Plaintiff wrote a request slip to staff to Defendant Sorber, explaining to Defendant Sorber, that Defendant Deputy J-Terra had submitted a recomendation for Plaintiff be designated to the RRL, and that such a recomendation was illegal and against the law as Plaintiff would have to be removed from Capital Case Unit without a Court Order and housed with Non-Capital Case inmates, and that this violated Plaintiff civil and constitutional rights protected by the 8TH and 14TH Amendments to the U.S. Constitution.

24. Defendant, Sorber refused to ackowlege and respond to the Plaintiff request (see Exhibit D) and supported the recomendation for RRL designation made by Defendant Deputy J-Terra.

25. On 2.4.22 Defendant Deputy J-Terra conducted a Metting with Plaintiff and notify Plaintiff that Defendant Georg Little had signed on their recomendation for Plaintiff to be put on RRL.

26. When Plaintiff asked Defendant Deputy J-Terra if defendant George Little obtained an approve court order stating that Plaintiff was to be removed from Capital Case Unit and housed on a non-Capital Case Unit with Non-Capital Case Inmates whom are not similarly situated as Plaintiff the defendant simply reply; I don't Need a Court Order. You are in the D.O.C. Custody. You have been approved to be place on RRL, so I AM Moving You Now to L-Unit where you'll be on RRL.

27. Approximately two (2) hours Later Plaintiff was removed from A-Unit (the RHU) and housed on L-Unit to participate in the Intensive Management Unit (IMU) program, which is program that houses all RRL designated Inmates.

28. Plaintiff is the only participant in the IMU program (and in the State of PA) whom have been legally removed from his Capital Case Unit without a court order vacating the Death Sentence aside, and placed Plaintiff in a non-Capital Case Unit with Non-Capital case Inmates to participate in an RRL/IMU program with other Inmates whom are not similarly situated as Plaintiff.

29. The IMU program is being operated by Department Policy 6.5.1 and the IMU Inmate handbook (see Exhibit F).

30. The program phases goes as follow; 30 days on Phase 6, 9 month on Phase 5, 9 months on Phase 4, 9 months on Phase 3, 9 months on Phase 2, and 1 year minimum on Phase 1 (see Exhibit F

31. Defendants J. Terra are in charge of aministrating all IMU hearing and recomendations as ing in charge of the PRC.

32. Being in charge of the IMU PRC hearings Defendant Deputy J-Terra have the power to place any Inmate in the program on Phase freeze or Phase modified as they see it fit And any Inmate whom is unwilling to participate in the program can and will loose earned priviledges retaliation for not participating on the program (see Exhibit F)

33. Before Plaintiff received the prison Misconduct on 3.17.21 Plaintiff was misconduct free for Assaul ince 7.12.12 (see Exhibit G)

34. However despite the fact that Plaintiff is not a problematic inmate, Plaintiff was designated to RRL for the the misconduct received on 3.17.21.

35. Aside from the IMU program being 4 years long and all Inmates being forced to participate efendant Deputy J-Terra will retaliate against participants whom are not willing to participate by taking away priviledges (such as TV, Radio, Tablet, access to the Phone, Kiosk and commissary etc...) d placing participants on Phase Freeze to make them spend more time on RRL in the RHU, L-Unit whic is a Level 5 housing Unit a 22 hours Lockdown 2 hour Yard time 7 days a week and being Strip Search when exiting the cell and coming back to the cell, and Moved from cell every 90 day to another cell. The IMU participants are being offered a one (1) hour out of cell group program every thursday. No religious services are being offered NONE.

3

And no contact visit privileges and no good time credit that was earned in the settlement agreement of Reid v. Wetzel No. 1:18-CV-00176 (See Exhibit B). one (1) hour out of cell group (see Exhibit F).

36. ~~The yard cage for exercise is about the average size of a horse stall and there are No exercise equipments.~~

37. The L-Unit IMU housing are NON-Capital Case Unit Inmates whom the majority are mentally ill and are costantly gangwaring and screaming at one another all day and banging one another out to prive them of sleep, by banging on the metal toilet and metal desk, which disrupts and deprive Plaintiff of sleep; deprive Plaintiff from being able to listen to his TV or Tablet; deprive Plaintiff from being able to concentrate on Plaintiff reading and writing letters and Legal Materials, and ~~esent~~ conditions of confinement are deteriorating the Plaintiff Mental health.

38. The housing Unit is infected with bugs and flies that be crawling inside of the Unit and causing a health and hazard conserned that staff are aware of an refuse to address as ~~be~~ most severely mentaly ill inmates be throwing urine and feces on the tier outside their cell floor and when Plaintiff exit his cell to go to the shower, yard, group, Law Library, or any other activity, the bugs and flies be coming inside of the Plaintiff cell, including the smell of feces that Plaintiff is continued to be force to smell insid his cell when one of the Mentally ill Inmates throws feces and urine outside their door floor. is very hard and harsh for Plaintiff to eat his meals when the Unit foul smell gets in Plaintiff cell by this Unsanitary Conditions.

39. Plaintiff constantly remind the Defendants of the health and hazard living conditions on the Unit and plea with the Defendants to move Plantiff back to the Capital Case Unit as per Plaintiff criminal case No. CP-51-CR-902431-1996 Plaintiff was sentenced to Death, but the Plaintiff ~~to~~ Pleas goes ~~as~~ ignored and continue to be rejected as Defendant Deputy J-Terra are the Authority of the PRC hearings and this are the same Defendant whom recomended that Plaintiff be designated to the RRL, thus making it imposible for Plaintiff to receive a fair and impartial hearing

40. Per Police DC-ADM 802 Sec. 3.A.10, States; "Priviledge Timeframe Procedures. An Inmate is considered eligible for additional priviledges according to the progressive procedures identified below after the PRC or the SL-5 Unit Management team has reviewed the circumstances or the AC placement. The inmate must have demonstrated positive behavior during the Review period and be free of misconducts during the period leading up to consideration.

    a. Increased telephone calls - of ter 90 days on AC Status.
    b. Increased Commissary - after 90 days on AC Status.
    c. A Radio and/or tablet and Kios access - after 120 days on AC Status.
    d. A Television - after 180 days on AC Status.
    e. AN Inmate in long term AC Status may be eligible for the General labor Pool (GLP) compensation after 180 days with the approval of the Unit Management team and PRC. (See Exhibit

41. Plaintiff has been on AC-Status since 6.14.21 which under normal circumstances Plaintiff would have been granted all above mentioned AC-priviledges on Paragraph 40 by December 15, 2021 the policy guidelines.

42. However because Defendant Deputy J-Terra discriminated and retaliated against Plaintiff during Plaintiff PRC hearing on 6.16.21, It took Plaintiff till ~~February~~ April 2022 to obtain Plaintiff TV priviledges (see Exhibit I).

43. Per Policy DC-ADM 802 Sec. 3.A.10.e, Plaintiff was eligible for GLP, and as such Plaintiff requested to be granted the priviledges of GLP (see Exhibit J).

44. However GLP was denied to Plaintiff because there is a code of secret within the DOC that ~~Polices~~ Policy DC-ADM 802 has been suspended for participants in the IMU Program whom have been designated to the RRL (see Exhibit K).

45. Now under the suspension of DC-ADM 802 for RRL designation to the IMU Program

4

~~no inmate in the program can earn GLP or have any job assigned to him.~~
~~46. Per policy DC-ADM 802 sec 2.D.10: "A review of each inmate's status on RRL shall be conducted at the ANNUAL review." (see Exhibit H).~~

47. However, because policy DC-ADM 802 has been suspended for all RRL inmates housed in the IMU program, now there will not be any annual reviews for removal from RRL and the only way one can get removed from RRL is by successfully completing the IMU program (see Exhibit L).

48. The Defendants clearly wrote to inmate Watson #LA-4948: "The IMU Unit Management Team establishes the BiP and treatment goals. Progress is monitored and positively reinforced. Goals are collaboratively developed with the inmate and communicated verbally and in writing. You must successfully complete all requirements of your BiP and demonstrate appropriate adjustment on PHASE 2 to be considered for RRL removal, in accordance with Department policy DC-ADM 802, sec.4, and subsequent release from the IMU to phase 1. (see Exhibit L).

49. The Defendants clearly admit that no inmate will be considered for RRL removal annually, but only when an inmate completes phases 6, 5, 4, 3, and 2 of the IMU program, which equals 30 months and adds up to three (3) years ~~and one (1) month~~ (see Exhibit F).

50. Based on conversations i have had with Unit manager Luquis, Luquis have indicated to me that because policy DC-ADM 802 have been suspended for the duration of the IMU program, that when an inmate annual review for RRL come up, the unit team along with Defendants ~~P.~~ ~~~~ J. Terra will automaticaly recomend continue RRL designation pending completion of the IMU program, because it would not make any sense to place an inmate in a 4 yrs program if the Defendants are going to remove the inmates off of RRL in one year, and that defeats the purpose of the program. That simply puts it, "does not make any sense."

## V. Exhaustion of Administrated Remedies

51. Plaintiff has exhausted all of his administrated remedies with respect to all claims and all Defendants.

## VI. Claims for Relief

1. The actions of Defendants ~~P. Terra and~~ J. Terra in recomending that the Plaintiff be removed from Capital Case status without any court order vacating and setting aside the Plaintiff Capital case status, and recomending that the Plaintiff be designated to the RRL and housed in a Non-Capital Case Unit (IMU program), constituted deliberate indifference, calculated harassment, and cruel and unusual punishment in violation to the 8th Amendment to the U.S. Constitution, (Amend. U.S. Const); discrimination and retaliation, and violated Plaintiff rights to Substantive and Procedural Due Process in violation to the 14th Amend. U.S. Const.

2. The actions of Defendants ~~P. Terra and~~ J. Terra in recomending that the Plaintiff be removed from Capital Case status without any court order vacating and setting Plaintiff capital case sentence aside and against all of the Plaintiff plea that the Defendants could not do that and violate the law, and the Defendants stating to Plaintiff: "We will make the recomendation for you to be placed on RRL and pass it on to the higher ups. We don't get along with none of you Capital case ~~inmates~~; You all should be lay down to rest", constituted deliberate indifference, calculated harassment, and cruel and unusual punishment in violation to the 8th Amend; discrimination, retaliation, and violated the Plaintiff Substantive and Procedural Due Process in violation to the 14th Amend.

3. The actions of Defendant Sorber in ignoring the Plaintiff request from 6.28.21 and turning a blind eye to the illegal actions of Defendants ~~P. Terra and~~ J. Terra, and in supporting

5

Defendants ~~J. Terra~~ J. Terra's recomendation to remove Plaintiff from Capital Case status/unit and designate Plaintiff to the RRL and to a Non-Capital Case unit without a court order vacating or setting aside the Plaintiff Death sentence and Capital Case designation, constituted failure to act, failure to intervene, refusal to act and intervene, deliberate indiference, calculated harassment, cruel and unusual punishment in violation to the 8th Amend.; discrimination and retaliation, and violated the Plaintiff rights to Substantive and Procedural Due Process in violation to the 14th Amend., as Defendant Sorber supported the illegal actions taken against the Plaintiff by Defendant ~~J. Terra~~ J. Terra when Defendant Sorber had the power and authority to stop it and did not.

4. The actions of Defendant Little in finalizing the Defendants recomendation and designating Plaintiff to the RRL, removing Plaintiff from Capital Case Unit to a Non-Capital Case unit without any court order vacating or setting aside the Plaintiff Capital Case Status and making Plaintiff the only Capital Case inmate in the State of Pennsylvania (to Plaintiff knowledge), to be designated to the RRL to be housed with Non-Capital Case Status inmates indefinitely, to Plaintiff complies with all mandatory rules of the IMU program, constitute failure to act and failure to intervene, refusal to act and refusal to intervene, deliberate indiference, calculated harassment, and cruel and unusual punishment in violation to the 8th Amend.; discrimination and retaliation, and violates the Plaintiff rights to the Equal Protection clause and Substantive and Procedural Due Process in violation to the 14th Amend.

5. The actions of Defendants ~~J. Terra~~ J. Terra, S. Sorber, and G. Little in removing Plaintiff from Capital Case Unit, designate the Plaintiff to the RRL, have Plaintiff housed in a Non-Capital Case unit indefinitely without a court order vacating Plaintiff sentence or setting the Plaintiff sentence aside, and telling Plaintiff: "We Idon't need a court order. You are in our custody, we can do whatever we want," constitute deliberate indiference, calculated harassment, cruel and unusual punishment in violation to the 8th Amend.; discrimination and retaliation, violates the Plaintiff rights to the Equal Protection Clause and Substantive and Procedural Due Process in violation to the 14th Amend. §1983 Civil Conspiracy.

6. The actions of Defendants ~~J. Terra~~ J. Terra in conducting Plaintiff administrated hearing and harassing Plaintiff by refusing Plaintiff priviledges that the Plaintiff is supposed to have per policy and making Plaintiff go the extra mile to get those priviledges violates the Plaintiff right to receive an impartial hearing and constitute deliberate indiference, calculated harassment, cruel and unusual punishment in violation to the 8th Amend.; discrimination and retaliation, and violates the Plaintiff rights to Due Process in violation to the 14th Amend.

7. The action of Defendants ~~J. Terra~~ J. Terra, S. Sorber, and G. Little in designating Plaintiff to the RRL and placing Plaintiff in the IMU program were there are no religious services being offered out of cell for nobody including Plaintiff; were there are no contact visits; were Plaintiff is being offered 14 hours of recreation in a yard cage with no exercise equiptment a week; were there are no jobs opportunity and nobody can earn GLP; were Plaintiff is back in constant strip searches and constant restraints for all out of cell activities; were there are inmates gangwaring and disrupting the unit everyday and the mentaly ill inmates be throwing urine and feces outside their cells and Plaintiff is being forced to eat all of his meals inside of his assigned living quarters to the foul smell of urine and feces and under unsanitary conditions with bugs and flies flying and hanging around the Plaintiff cell; were Plaintiff sleep is constantly being disturbed and disrupted with the constant noise; and were Plaintiff present living conditions are deteriorating the Plaintiff mental health constitute denial of religious services and being able to congregate for religious services, denial of contact visits with family and friends to form a social and intimate relationship, denial of social contact and interactions with other prisoners to form social relationships in violation to the 1st Amend.; deliberate indiference, calculated harassment, cruel and unusual punishment, health and safety hazard conditions, excessive noise, deprivation and lack of sleep, constant restraints and strip searches, and

6

my prolonged confinement is deteriorating my mental health and Plaintiff is suffering from depression, ~~mental pain and mental anguish, severe anxiety, lack of sleep, confusion, lost of interest, deperso~~ nalization, illusions, vivid fantasies, hallucinations, aggressive fantasies, delirium, fear, paranoia, intolerance of social interactions, severe mental distress, inability to focus and concentrate, hostility, withdrawal from social contact, aggression, extreme irritability of others, disturbance of attention and organization of thought, delusions, persecutory delusions and other psychological symptoms in violation to the 8th Amendment; discrimination and retaliation, and violates the Plaintiff rights to the Equal protection clause in violation to the 14th Amendment; to include violations to the settlement agreement of Reid v. Wetzel, No. 1:18-cv-00176; negligence and gross negligence to intentional infliction of psychological symptoms — A state tort under the law of PA.

8. The actions of Defendant Little in having suspended policy DC-ADM 802 for the duration of the IMU program (4 years), have striped Plaintiff of the Annual review for RRL removal and is causing Plaintiff to spend more time in the hole and SL-5 housing unit under the harsh and hazardous conditions as outlined in the complaint and count 7 above, and constitute deliverate indiference, calculated harassment, cruel and unusual punishment in violation to the 8th Amend.; are causing the Plaintiff an Atypical and Significant hardship and violates the Plaintiff rights to the Substantive and Procedural Due Process in violation to the 14th Amendment.

### Requested Relief

Wherefore, Plaintiff request that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The actions of the Defendants jointly and collectively are illigal and against the law.
2. All of the Defendants jointly and collectively conspire to violate the Plaintiff civil and constitutional rights and to cause Plaintiff the harm as stated throughout the civil complaint.

B. Issue a permanent injunction ordering Defendant G. Little and their agents jointly and collectively to:

1. Immediately remove plaintiff from RRL designation and remove Plaintiff from the IMU program and immediately house Plaintiff back to the CCU and restore to Plaintiff all priviledges as granted in the settlement agreement of Reid v. Wetzel, No. 1:18-cv-00176.
2. Issue any other injunction as the court see appropriate against Defendant G. Little and all their agents.

C. Award compensatory damages in the following amounts:

1. $ 2,000,000.00 jointly and severaly against Defendants G. Little, J. Sorber, ~~Ferrara~~, and J. Terra.
2. Any ammount of money that the court deems appropriate for all the claims in the complaint against all Defendants jointly and severaly.

D. Award punitive damages in the following ammount against each and all named Defendants in this civil complaint:

1. $ 900,000.00 against all Defendants jointly and severaly.

7

2. Any ammount of money that the court deems appropriate for all the claims in the complaint against each and all named Defendants jointly and severaly, or separately as this Honorable court deems appropriate.

## VII. Verification of Complaint

I, Gabriel Rosa-Diaz (#FH 7313), hereby certify under the penalties of perjury of title 28 U.S.C. §1746, that i drafted this civil complaint on behalf of inmate William Rivera # DN-4295 based on all information relayed to me by the Plaintiff, and verify that all allegations made by the Plaintiff are true and correct, as i am also on 'RRL' designation and housed in the IMU program with plaintiff. I am assigned to live in LD-1011 and Plaintiff is in LD-2007 which is above me.

I, William Rivera DN4295, hereby verify under the penalties of perjury of title 28 U.S.C. §1746
That I have read the foregoing drafted Complaint, and I declare that all matters alleged Therein are true and correct. Executed this __21st__ day of __September__ 2022

/s/ William Rivera

William Rivera, DN4295
SCI-Phoenix
1200 Mokychic Drive
CollegeVille, PA. 19426

8

William Rivera
SN-4295
S.C.I. Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

— Legal Mail —



To: Clerk's Office
U.S. District Court
601 Market Street
Philadelphia, PA. 19106

U.S.M.S. X-RAY


RECEIVED SEP 29 2022

PA DEPARTMENT
CORRECTIONS
INMATE MAIL

neopost
09/28/2022
US POSTAGE $009.25
ZIP 19426
041M12252211
PRIORITY MAIL

— Legal Mail —