IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM RIVERA,
  Plaintiff

  v.

GEORGE LITTLE, et al.
  Defendants

: C.A. No. 2:22-cv-03902
:
: Magistrate Judge John M. Younge
:
: District Judge
:
: Jury Trial Demand

Brief in Support of Motion to Alter or Amend the Judgment

And Now comes Plaintiff, William Rivera, Pro-se, and in support to his motion to Alter or Amend the judgment, states the following:

1. Plaintiff never signed any form consenting to or authorizing the Magistrate Judge to have the sole Judicial Authority to preside over the Plaintiff case, and Plaintiff is being affected in that the Magistrate Judge is exercising sole Judicial power over the Plaintiff case and refusing to allow a District Judge to supervise the Magistrate and review and address the Magistrate's Error in misapplying the law to the Plaintiff case, which as a result the Plaintiff is severely suffering from manifest injustice in this case as everytime that the Plaintiff appeal the Error in law of the Magistrate Judge, the Magistrate Judge take it upon himself to go over and review the Plaintiff appeal and deny the Plaintiffs motions without "PROPERLY LOOKING AT THE FACTS OF THE RECORD" which have resulted in manifest injustice to the Plaintiff for lack of "PROPER AND ADEQUATE JUDICIAL REVIEW" in that the Magistrate Judge continue to Equivocally and Erroneously misapply the law to the Plaintiff case.

2. The Magistrate Judge has been convinced by the Defendants into believing that the Plaintiff is trying to challenge violations to the Reid v. Wetzel No. 1:18-cv-00116 settlement agreement and that as such, the Plaintiff argument falls short as it is barred by Collateral Estopel and that the court lacks jurisdiction to review the Plaintiffs claims.

3. Plaintiff on the other hand is attempting his best to ALERT THE COURT that the Plaintiff claims are not barred by Collateral Estopel because the Plaintiff is "NOT CHALLENGING THE REID SETTLEMENT AGREEMENT AND THAT THE PLAINTIFF CLAIMS HAVE NEVER BEEN PRESENTED TO THE COURT AND NEVER BEEN ADDRESSED BY THE COURT" as the court has erroneously led to believe.

4. On her Report & Recomendation, Magistrate Judge Mehalchick stated in part:

"On October 12, 2021 Plaintiff Rivera filed a letter with the Court, without the assistance of Plaintiff class counsel, which the court liberally characterized as a motion to enforce the settlement agreement.

"At the onset, the undersigned notes that Rivera has failed to file a brief in support of the motion to enforce settlement as required by the Middle District of Pennsylvania Local Rule 7.5. This failure to file a brief in support has consequences for Rivera since the undersigned is entitled to deem a Plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion...

"In the motion to enforce Rivera states: I am currently being held in total isolation from other capital cases that was helping me in my capital case. Now I am only on regular AC, but denied long term commissary and other priviledges that by AC-status policy I'm supposed to have such as a TV, Tablet, typewriter, art supplies, etc... Instead I'm forced to endure and suffer this torturous conditions of solitary confinament which is a breach and violation of the above mentioned settlement agreement." (see Reid v. Wetzel, 2022 U.S. Dist. Lexis 141096).

5. It is clear from Reid v. Wetzel 2022 U.S. Dist. Lexis 141096 that Magistrate Judge

1

Mehalchick clearly indicated that Plaintiff Rivera filed a "Letter; without the assistance of Plaintiff class counsel, and; Rivera failed to file a brief in support".

6. Magistrate John M. Younge has reviewed the Report and Recommendation of Magistrate Judge Mehalchick from Reid v. Wetzel 2022 U.S. Dist. Lexis 141096, and Magistrate Judge John M. Younge knows and is fully aware that Plaintiff Rivera filed a letter without the assistance of Plaintiff class counsel and without a brief in support to the letter; that on the letter Plaintiff never raised none of the issues that the Plaintiff is advancing on the claims in this case as to being illigaly removed from CCU to Non-CCU indefinitely on the RRL designation; that the Plaintiff rights to Due Process from RRL removal are being violated because policy DC-ADM 802 has been suspended and there is no review process for RRL removal, and; that the Plaintiff is living in a housing unit with a bunch of mentally ill inmates whom are being permitted to ferment urine and feces inside of their cells which is attracting bugs and flies inside of the Plaintiff cell and the unsanitary conditions on the unit are creating a health and safety hazard towards the Plaintiffs present and future health — and despite knowing that on the Plaintiff six (6) letter paragraphs written to Magistrate Mehalchick which was "NEVER ACOMPANIED BY A BRIEF IN SUPPORT AND WITHOUT THE ASSISTANCE OF COUNSEL, THE PLAINTIFF NEVER ADVANCED THE CLAIMS RAISED IN THIS CASE", somehow Magistrate Judge Younge is ERRONEOUSLY MISINTERPRETING THE LAW AS DIRECTED TO HIM TO DO SO BY THE DEFENDANTS COUNSEL, and ruled that the Plaintiff claims are barred by collateral estopel.

7. Collateral Estopel and issue preclusion only "BARS CLAIMS THAT HAVE BEEN PRESENTED TO THE COURT THAT HAVE BEEN FULLY BRIEFED THROUGH DISCOVERY AND RIPE FOR RESOLUTION." (see Clark v. Coupe, 55 F.4th 167; 2022 U.S. App. Lexis 32644).

8. Here, it is clear from the record that Plaintiff Rivera "Filed a letter; without the assistance of Plaintiff class counsel, and; Rivera failed to file a brief in support" thus Collateral Estopel and issue preclusion does not apply to this case (see Clark v. Coupe, 55 F.4th 167; 2022 U.S. App. Lexis 32644). Further more, Magistrate Judge Mehalchick made it plain clear that on his letter, Rivera states: "I am currently being held in total isolation from other capital cases that was helping me in my capital case. Now I am only on regular AC, but denied long term commissary and other "PRIVILEDGES" that by AC-status policy I'm supposed to have such as a TV Tablet, typewriter, art supplies etc..." Clearly Magistrate Younge can see that Plaintiff letter only addressed "PRIVILEDGES" that the Plaintiff thought that by policy the Plaintiff was allowed to have, and that "Nothing ELSE OTHER THAN PRIVILEDGES WAS THE ONLY ARGUMENT OF THE PLAINTIFF LETTER", and thus collateral estopell does not come nearly close to apply to none of the claims that the Plaintiff is advancing in this case, as in this case the Plaintiff is not arguing or advancing claims for TV, Radio, Tablet, Commissary, Typewriter, or other Priviledges, and thus collateral estopel and issue preclusion does not apply to this case (see Clark v. Coupe, 55 F.4th 167; 2022 U.S. App. Lexis 32644), as in this case Plaintiff is clearly arguing and advancing claims of his illegal removal from Capital Case Unit (CCU) to Non-CCU indefinitely without a Court order, which is an argument that has never been advanced in any court in the country.

9. The Plaintiff argument is based on Williams v. Sec'y Pa. Dep't of Corr. 848 F.3d 549; 2017 U.S. App. Lexis 2327; 2017 WL 526483. On that case Craig Williams and Shawn T. Walker were inmates in the custody of the PA DOC and each was sentenced to death and housed on death row. Eventually, their death sentences were vacated, but several years elapsed before they were resentenced to life without parole. In the interim, Williams and Walker were kept on death row untill their appeals were finally decided. Accordingly, they spend several years in the solitary confinament of death row from the date their death sentences were vacated, until they were finally resentenced to life imprisonment and placed in the general prison population.

After their sentences were vacated, Williams and Walker brought suit against DOC officials alleging that their 14th Amendments right to due process were violated by DOC officials by conti-

nuing to subject them to confinement on death row (CCU), without a meaningful review of their placements "AFTER THEIR DEATH SENTENCES HAD BEEN VACATED".

Williams and Walker were placed on death row after receiving their death sentences pursuant to 61 Pa. Cons. Stat. § 4303, which provides: "The Secretary of Corrections shall, until infliction of death penalty... keep the inmate in solitary confinement. During the confinement, no person shall be allowed to have access to the inmate without an ORDER of the SENTENCING COURT, except the following:

(1) The staff of the Department
(2) The inmate's counsel of record or other attorney requested by the inmate.
(3) A spiritual adviser selected by the inmate or the members of the immediate family of the inmate."

Both Williams and Walker asserted that this provision no longer applied to them once their death sentences were vacated. (see Williams v. Sec'y Pa. Dep't. of Corr. 848 F.3d 549).

10. On Williams 848 F.3d 549, the Defendants argue that the DOC policy that implements § 61 Pa. Cons. Stat. § 4303 required Williams and Walker's continued confinement on death row until they were resentenced to life imprisonment. In relevant part, policy 6.5.8.1.5 states:

"5. Modification of Sentence

"1. In the event that an order is received modifying the sentence of a Capital Case inmate to life imprisonment due to a resentencing proceeding held as a result of an appeal, or Post Conviction Relief Act... the facility Records Supervisor must determine whether the order is valid and whether the District Attorney intends to appeal the order.

"2. If the District Attorney intends to appeal, the inmate shall not be moved from the CCU until the appeal is resolved. However, the inmate may be moved from the CCU, if the District Attorney does not file an appeal within 30 days.

"3. If the District Attorney does not intend to appeal and if the inmate does not remain subject to an execution sentence as the result of a prosecution other than the sentence modified in the order the inmate may be moved from CCU.

"According to DOC Defendants, this policy only permits removal from CCU when a death sentence has actually been modified" (see Williams 848 F.3d 549).

11. The claims that Plaintiff is advancing in this case is and are in ACORDACE with the DOC Defendants argument in Williams 848 F.3d 549 that the Plaintiff could not be removed from CCU without a court order, because the Plaintiff sentence has never been vacated or modified and the Plaintiff is "STILL PENDING EXECUTION." Thus the Plaintiff removal from CCU indefinitely and without a court order is illegal and against the law and violates 61 Pa. Cons. Stat. § 4303 as stated and held as "CLEARLY ESTABLISHED LAW in Williams v. Sec'y Pa. Dep't. of Corr. 848 F.3d 549; 2017 U.S. App. Lexis 2327; 2017 WL 526483 (U.S. 3d Cir. Court of Appeals 2017)."

Wherefore, because this court has committed an ERROR IN LAW which has resulted in manifest injustice to the Plaintiff, and; because the claims that the Plaintiff is advancing have never been presented or addressed by any court and thus are not barred by collateral estoppel and issue preclusion, and; because the Plaintiff is also challenging the duration of his confinement on RRL and away from CCU indefinitely were there is no meaningfull process to review RRL in violation to the Due Process of the 14th Amendment, and; because the Plaintiff is also challenging the unsanitary living conditions on the housing unit which are possing a threat to the Plaintiff present and future health — it is respectfully requested that a District Judge be assigned to review this matter and Alter or Amend the Magistrate Judge John M. Younge order's and recommendations and send this matter to trial by jury, grant the Plaintiff request for appointment of counsel, and grant the Plaintiff

3

request for a permanent Preliminary Injunction.

Respectfully Requested,

William Rivera
William Rivera
#DN-4295
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

Through: Gabriel Rosa-Diaz

Gabriel Rosa-Diaz (FH 7313)
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

Note: The co's at SCI Phoenix are running a scheme on Plaintiff in that in order for the co's to pass the Plaintiff legal papers to Rosa-Diaz # FH 7313 in order to obtain legal help, the Plaintiff have to pay a fee to the co's.

8.13.2023

4

Certificate of Service

I, William Rivera, hereby certify that on this 13th day of August, 2023, I mailed a true and correct copy of the foregoing document titled "Brief in Support of Motion to Alter or Amend the Judgment" via U.S. First Class mail to the below listed participants to:

Office of the Clerk
U.S. District Court
601 Market Street, Room #2609
Philadelphia, PA. 19106

By: William Rivera
William Rivera
# DN-4295
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

William Rivera (#DN-4245)
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

**RECEIVED**
AUG 1 6 2023
BY:_____

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
08/14/2023
US POSTAGE $000.63

FIRST-CLASS MAIL
ZIP 19426
041M12252211

To: Office of the Clerk
U.S. District Court
601 Market Street, Room # 2609
Philadelphia, PA. 19106