# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM RIVERA, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| GEORGE LITTLE, et al., | : | NO. 22-3902 |
| Defendants. | : | |

## ORDER

AND NOW, this 23rd day of August, 2023, upon consideration of Plaintiff William Rivera's *Motion to Alter or Amend Judgment*[1] (ECF No. 43), and all papers submitted in support thereof and in opposition thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.

This case shall remain **CLOSED**.[2]

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1] William Rivera seeks reconsideration, through a Motion to Alter or Amend Judgment pursuant to Federal Rule of Procedure 59(e), of this Court's Order, dated August 3, 2023, granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 42.) "The United States Court of Appeals for the Third Circuit has held that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. Nov. 25, 1994). A motion for reconsideration "is an extraordinary remedy to be employed sparingly." *Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, 498 F. Supp. 2d 753, 756-57 (E.D. Pa. 2007). The motion can only be granted if the movant demonstrates "(1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is need to correct a clear error of law or fact or to prevent a manifest injustice." *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481

(E.D. Pa. 2019) (citing *Max's Seafood Café by Lou-Ann Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); see also *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. Sep. 2, 1993).

A motion for reconsideration is not "a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court," or "to express disagreement with the Court's rulings." *United States v. Stevenson*, No. 16-0189, 2019 U.S. Dist. LEXIS 172592 at *2 (W.D. Pa. Oct. 4, 2019) (*citing United State v. Hoey*, No. 09-0200, 2011 U.S. Dist. LEXIS 15079 at *6 (W.D. Pa. Feb. 15, 2011)); *United States v. Perminter*, No. 10-0204, 2012 U.S. Dist. LEXIS 25182 at *7 (W.D. Pa. Feb. 28, 2012). Instead, "such motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue." *Perminter*, 2012 U.S. Dist. LEXIS 25182, at *9. Put simply, it is "improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'" *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

[2] This action was commenced on October 12, 2021 when Plaintiff filed his Complaint, construed as a motion to enforce the *Reid, et al. v. Wetzel, et al.* Settlement Agreement, which stemmed from a suit brought on behalf of death-sentenced prisoners confined in Capital Case Units ("CCU") of Pennsylvania's Department of Corrections. (ECF No. 1.) The Court previously dismissed this action with prejudice on March 21, 2023 (ECF No. 25) and, following the filing of an Amended Complaint (ECF No. 35) deemed identical, again dismissed this action on August 3, 2023 (ECF No. 42). Plaintiff, a death-sentenced inmate, contested his continued confinement in restrictive, non-CCU housing following his assault on a prison staff member. (ECF No. 1.)

None of the grounds for reconsideration are present here. For one, Plaintiff's claim that this Court lacked jurisdiction is unavailing as, despite Plaintiff's contention, Judge Younge is a district judge, not a magistrate judge, and jurisdiction was properly vested in this Court under 28 U.S.C. § 1331, 1343. Furthermore, the claims presented in Plaintiff's Motion to Alter or Amend Judgment remain essentially identical to his previous filings. The Court finds that the logic and reasoning expressed in its Order Granting Defendants' Motion to Dismiss, dated March 21, 2023, adequately explains why Plaintiff is estopped from relitigating this issue. *See* ECF No. 25. Notably, the *Reid* Court had already found that nothing in the related Settlement Agreement precludes removing death-sentenced inmates from CCU housing and placing them in more restrictive housing. (R&R, ECF No. 182, p. 11, docket: 18-cv-176-CCC, M.D. Pa.; Order Adopting R&R, ECF No. 183., docket: 18-cv-176-CCC.) Plaintiff's invocation of *Williams v. Secretary Pennsylvania Department of Corrections*, 848 F.3d 549 (3d Cir. 2017), neither presents a change in law nor demonstrates an error in law – that inmates whose death sentences were no longer operative may be able to claim improper confinement in CCU housing does not compel this Court to find that an inmate with an operative death sentence cannot be removed from CCU housing and placed in more restrictive housing when warranted. This Court had already found such placement permissible in Plaintiff's case and declines to relitigate the underlying facts. *See* ECF No. 25.

Therefore, the Plaintiff's Motion to Alter or Amend Judgment is denied.