IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM RIVERA,
　　　　　Plaintiff

v.

GEORGE LITTLE, et al.,
　　　　　Defendants

C.A. No. 2:22-cv-03902

District Judge John M. Younge

Jury Trial Demand

Motion to Reopen Case under Fed. R. Civ. P. 60(b)

And now comes William Rivera, Plaintiff Pro-se, and hereby moves this Honorable court to reopen the Plaintiff case under Fed. R. Civ. P. 60(b), because the court erred and committed a mistake in law in dismissing with prejudice the Plaintiff case and on marking the Plaintiff case as closed.

Wherefore for the foregoing as outlined in the Brief in support to this motion, the court should conduct a carefull assessment and better review of the Plaintiff claims, and grant the Plaintiff motion to reopen the case.

　　　　　　　　　　　　　　Respectfully Requested,

　　　　　　　　　　　　　　William Rivera
　　　　　　　　　　　　　　William Rivera
　　　　　　　　　　　　　　#DN-4295
　　　　　　　　　　　　　　SCI Phoenix
　　　　　　　　　　　　　　1200 Mokychic Drive
　　　　　　　　　　　　　　Collegeville, PA. 19426

Through: Gabriel Rosa-Diaz
　　　　　Gabriel Rosa-Diaz
　　　　　FH 7313
　　　　　SCI Phoenix
　　　　　1200 Mokychic Drive
　　　　　Collegeville, PA. 19426

October 17, 2023

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM RIVERA,
　　　　Plaintiff

　　v.

GEORGE LITTLE, et al.,
　　　　Defendants

: C.A. No. 2:22-cv-03902
:
: District Judge John M. Younge
:
:
:
: Jury Trial Demand

Brief in Support to Motion to Reopen Case Under Fed.R.Civ.P. 60(b)

And Now comes Plaintiff, William Rivera, Pro-se, and in support to his motion to reopen the case under Fed.R.Civ.P. 60(b), states the following:

1. Plaintiff is an illiterate inmate with a fourth (4th) grade educational level and no knowledge or understanding of the law.

2. The claims that the Plaintiff is advancing in his civil complaint were drafted by and with the help of inmate Gabriel Rosa-Diaz (#FH 7313).

3. At the time that the civil complaint was filed, Plaintiff was housed in L-Unit D-pod cell 2007 (LD-2007) and Rosa-Diaz was housed in LD-1010 on the bottom tier and were both housed on the same pod.

4. Because inmates housed in the security level 5 (SL-5) housing unit are subjected to cell movements every 90 days, Plaintiff was moved from LD-pod to LC-pod and ultimately to LB-pod.

5. Due to some program policies that Plaintiff brought to this court's attention on motion to Temporary stay of Proceedings dated 7.27.23, the Plaintiff was unable to attend the law library with inmate Rosa-Diaz, and due to the correctional officer's (co's) not passing any items to any inmate, Plaintiff eventualy lost all communication with inmate Rosa-Diaz.

6. On 10.11.23 inmate Rosa-Diaz (FH 7313) hadded a 90 days cell movement, and Rosa-Diaz is now being housed in LB-1008 cell which is right in front of the Plaintiff cell whom is housed in LB-1006 cell, and Plaintiff has been able to resume communication with Rosa-Diaz and reobtain help and assistance in attempt to advance this case.

7. On October 12, 2021 this action was commenced when Plaintiff filed his complaint, which this court equivocally construed as a motion to enforce the Reid v. Wetzel No. 1:18-cv-00176 Settlement Agreement as it was led to believe by the schemes, deceit, and willfull misrepresentation, and intentional misrepresentation of the case by Defendants counsel.

8. On March 21, 2023 the court dismissed the Plaintiff action with prejudice and without leave to amend.

9. On May 9, 2023 Plaintiff filed a motion to alter or amend judgment and on May 15, 2023 the court ordered the Defendants to file a response by May 31, 2023.

10. On May 25, 2023 Defendants attorney of record Susan E. Affronti directed Judge Younge to allow the Plaintiff to file an Amended complaint within 30 days.

11. On May 26, 2023 Judge Younge did as directed to do by defense counsel and granted the Plaintiff to June 26, 2023 to file an amended complaint with Plaintiffs new claims and denied to the extend that Plaintiff seeks to re-litigate any of the 8 claims asserted in his original complaint which were previously dismissed by the court on its March 21, 2023 order, as the Judge was instructed and directed to do by the Defendant's attorney of record.

12. On June 19, 2023 Rosa-Diaz (#FH 7313) timely filed an Amended Complaint on behalf of Plaintiff, on which Rosa-Diaz "ABANDONED" and "REFRAINED" from mentioning anything remotely related to anything about the Reid v. Wetzel No. 1:18-cv-00176 settlement agreement in order for the Defendants attorney of record not to be able to misconstrue and mischaracterize

1

the facts to the Plaintiff's case and be able to manipulate the Judge again true legal deceit and scheming tactics to misrepresent the facts to the Plaintiff Amended Complaint and rule in light that is most favorable to the Defendants (see exhibit A).

13. On July 7 2023 Defendants counsel Susan E. Affronti withdrew her appearance and Attorney Alfred J. Vogt entered appearance to represent the Defendants.

14. On August 1, 2023 Defendants attorney of record Alfred J. Vogt filed a motion on behalf of Defendants to Dismiss Plaintiff's amended complaint, which again through intentional misrepresentation, fraudulent inducement, willfull misrepresentation, legal schemes and deceit, directed Judge Younge to dismiss the Plaintiff amended civil complaint with prejudice citing to the Reid v. Wetzel No. 1:18-cv-00176 Settlement Agreement again, which clearly did not have anything to do with any of the claims that the Plaintiff is advancing in his amended civil complaint (see Exhibit A) (noting that Pennsylvania Institutional Law Project supervising attorney Matthew A. Feldman reviewed the Plaintiff Amended Civil Complaint, and clearly indicated that. " IN June of this year, you filed an amended complaint, in which you appear to 'HAVE REMOVED ALL REFERENCES TO THE REID CASE'. . . . I have reviewed the docket, and I see that Judge Younge dismissed your amended complaint with prejudice. I also see that he dismissed it for the same reason he dismissed your initial complaint, namely that it was barred by collateral estoppel because you had already litigated the same issue in the context of the Reid case. I think Judge Younge was wrong to dismiss the amended complaint on this basis because you did not claim in the amended complaint that your RRL/IMU placement violated the Reid agreement").

15. On August 3, 2023 Judge Younge again being directed by Defendants attorney to dismiss the Plaintiff amended civil complaint and citing to the Reid settlement agreement which had absolutely "Nothing to do with the Plaintiff amended civil complaint" and nothing to do with any of the issues that the Plaintiff raised in his Amended Civil Complaint, did as the Judge was directed to do again through the misleading, misguidance, and misdirection schemes and deceit by the Defendants counsel and dismissed the Plaintiff amended complaint with prejudice and without ever providing the Plaintiff with a fair opportunity to even be able to respond to the Defendants motion to dismiss, while Judge Younge made references that the Plaintiff Amended Civil Complaint was being dismissed on what the Judge was again persuaded, misguided, and misdirected to believe to be argumenting the Reid settlement agreement which has absolutely nothing to do with the Plaintiff claims in his Amended Civil Complaint.

16. Judge Younge should never had dismissed the Plaintiff Amended Civil Complaint with prejudice on 8.3.23 because the Plaintiff Amended Civil Complaint HAVE REMOVED ALL REFERENCES TO THE REID CASE and none of the claims that Plaintiff is advancing in his Amended Civil Complaint has anything to do with the Reid case and thus this court committed a clear error in law in dismissing the Plaintiff Amended Complaint with prejudice and in directing the clerk to close the docket and the Plaintiff Case.

17. On 8.13.23 Rosa-Diaz was able to timely file a Brief in Support to a motion to alter or amend judgement that Rosa-Diaz filed on Plaintiff behalf on 8.10.23.

18. On 8.22.23 Defendants attorney filed a Brief in opposition to Plaintiff motion and again manipulated, mislead, misguided, and misdirected Judge Younge through legal schemes and deceit into believing that the Plaintiff Amended Complaint "MIRRORE HIS PREVIOUS CIVIL COMPLAINT", and directing Judge Younge to deny the Plaintiff motion, which Judge Younge did again on 8.23.23 and deny the Plaintiffs motion as being directed to do by Defendants counsel.

19. On 9.3.23 Rosa-Diaz timely submitted on behalf of the Plaintiff a motion for request permission for certificate of appealability.

20. On 9.12.23 Judge Younge denied the Plaintiff request for certificate of appealability and stating; "Plaintiff is a non-habeas prisoner litigant. As such, a certificate of appealability is not required, and Plaintiff should follow the appeals process laid out in the Federal Rules of Appellate Procedure".

2

21. Inmate Rosa-Diaz (# FH 7313), only has a 7th grade educational level and little to no knowledge about the law and in this case, filed a motion for request of permission for certificate of appealability instead of a notice to intent to appeal. However, this court knowing that the Plaintiff hadded full intentions to appeal the case should have liberally construed the Plaintiffs motion for request of permission for certificate of appealability as a motion of notice to intent to appeal.

22. By erroneously and equivocally dismissing the Plaintiff amended complaint with prejudice this Court erroneously and equivocally dismissed and refused to address the Plaintiffs 8th Amendments conditions of confinament and 14th Amendmen claims of violations to the Due Process as are related to the Plaintiff extended duration in IMU program due to policy DC-ADM 802 being suspended and No annual reviews for RRL being conducted for RRL removal until completion of the 4 years IMU program that the Plaintiff alleged in his complaint/amended complaint from paragraphs No. 35 to No. 48 at pages 4 and 5 of the Amended Complaint respectively.

I, inmate Gabriel Rosa-Diaz (# FH 7313), hereby declare under the penalties of perjury of title 28 U.S.C. § 1746, that the foregoing is true and correct and that Plaintiff was unable to forward his legal documents to me as he/Plaintiff received them from the court due to my being housed on LD-pod and the Plaintiff on LB-pod and we not being permitted by the Defendants policies to attend the law library together which took away my being able to offer an extending helpfull hand to the Plaintiff in moving the case forward.

Wherefore, because the court was intentionally misdirected, misguided, and mislead through the legal schemes and legal deceit of the intentional misrepresentation, fraudulent inducement, and willfull misrepresentations of the Plaintiffs facts of the case by Defendants Defense counsel, it is respectfully requested that this Court reopen the Plaintiff case under Fed. R. Civ. P. 60 (b), and allow the Plaintiffs claims to proceed to trial as they are related to the Plaintiffs 8th and 14th Amendments claims of constitutional violations as to the Plaintiff conditions of confinament in the IMU and the Plaintiff prolonged and extended duration in IMU program due to the RRL annual review of policy DC-ADM 802 being suspended for the duration of the 4 years IMU program.

Respectfully Requested,
William Rivera
William Rivera
DN-4295
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

Through: Gabriel Rosa-Diaz
Gabriel Rosa-Diaz
FH 7313
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

10.17.23

3

Exhibit A



**PENNSYLVANIA INSTITUTIONAL LAW PROJECT**
718 Arch Street, Suite 304S
Philadelphia, PA 19106
Phone: 215-925-2966
Fax: 215-925-5337
www.pailp.org

September 12, 2023

William Rivera DN4295
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

Re: *Rivera v. Little*, No. 22-cv-3902 (E.D. Pa.)

Dear Mr. Rivera:

I hope this letter finds you doing as well as possible. I am an attorney with the Pennsylvania Institutional Law Project. One of our paralegals, Stina Stannik, sent me your letter of June 5, 2023, today and requested my assistance in responding. I had previously discussed your case with her last year, before she wrote to you on December 2, 2022.

I am sorry you think we misunderstood the claims you were attempting to put forward in your case. Based on your original complaint, which is all you had filed at the time, we believed you to be challenging your placement on the RRL and in the IMU as violations of both (1) the settlement agreement in *Reid v. Wetzel*, and (2) the sentencing order in your criminal case and 61 Pa. C.S. § 6303. As we did not believe either theory had any merit, Ms. Stannik wrote in her December 2, 2022 letter that "[w]e do not believe your placement in the IMU or on the RRL violates either the Reid agreement or your sentencing order."

I have reviewed your original complaint again, and I still think our interpretation of it was reasonable. I also still believe neither theory has any merit.

I see now that, in June of this year, you filed an amended complaint, in which you appear to have removed all references to the *Reid* case. So I will focus here on why your other theory of liability, regarding 61 Pa. C.S. § 6303, is misguided. First, by its plain terms, § 6303 mandates "solitary confinement," not placement on the CCU. So relying on that statute to argue that the DOC is not permitted to put you in solitary confinement, and instead must keep you on the CCU, has no basis in the text of the statute and would never be accepted by any court. Second, § 6303 has been interpreted by state and federal courts to only govern the housing placement of death-sentenced prisoners **with valid execution warrants**. *See Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 445 n.9 (3d Cir. 2020) (stating that an individual without a valid, signed execution warrant "remains in the CCU as a matter of the Department of Corrections' discretion, not because of any statutory requirement"); *Clark v. Beard*, 918 A.2d 155, 160 (Pa. Commw. Ct. 2007) ("The Department exercises its discretion by keeping inmates convicted of a capital offense in the Capital Case Unit while their death sentences are litigated."). Indeed, if § 6303 governed the housing assignment of all death-sentenced prisoners, the *Reid* settlement agreement never could have

happened, and the CCU would still be a solitary confinement unit. Since you do not currently have a valid execution warrant, § 6303 has no bearing on your housing assignment, and the DOC is free to house you where it wishes (within constitutional limits, of course).

I therefore think your best chance of success in your case is to focus on the lack of due process regarding your initial and continued placement on the RRL and, especially, on how the conditions have affected you. So I will repeat here what Ms. Stannik wrote in her December 2, 2022 letter:

> If you choose to proceed with the case, we recommend that you focus on how the conditions in the IMU have been detrimental or harmful to you, especially if you have been diagnosed with physical or psychiatric conditions that are exacerbated or worsened by solitary confinement conditions. . . . The fact that you spent 24 years in solitary on death row should be relevant because it could make you even more vulnerable to the harms of solitary confinement going forward.

I have reviewed the docket, and I see that Judge Younge dismissed your amended complaint with prejudice. I also see that he dismissed it for the same reason he dismissed your initial complaint, namely that it was barred by collateral estoppel (also known as "issue preclusion") because you had already litigated the same issue in the context of the *Reid* case. I think Judge Younge was wrong to dismiss the amended complaint on this basis because you did not claim in the amended complaint that your RRL/IMU placement violated the *Reid* agreement.

I see also that you filed a motion to alter or amend the judgment (ECF No. 43) and that it was denied on August 23, 2023 (ECF No. 47). Your only recourse now is to file a notice of appeal. You have 30 days from August 23 to file the notice of appeal, so until September 22, 2023.

If you choose to file an appeal, my suggestion to you is that, in your appellate brief, you argue that the District Court should have liberally construed your amended complaint as asserting Eighth and Fourteenth Amendment claims regarding your continued RRL/IMU placement, ***separate and apart from* Reid *and § 6303***. I suggest you abandon the theory that your sentencing order and/or § 6303 bar your placement on the RRL or in the IMU.

Due to our limited capacity, we are still unable to offer you representation in this case, but it is possible we will able to continue to offer you advice going forward. I caution you, though, to make sure you abide by all court deadlines. I wish you the best of luck.

Sincerely,

*Matthew Feld*

Matthew A. Feldman
Supervising Attorney

Encl.: GPQ

Certificate of Service

I, William Rivera, hereby certify that on this 17th day of October, 2023, I mailed a true and correct copy of the foregoing documents titled: "Motion to Reopen Case under Fed. R. Civ. P. 60 (b)"; and "Brief in Support to Motion to Reopen Case under Fed. R. Civ. P. 60 (b)", via U.S. First Class Mail to the below listed participant:

Office of the Clerk
U.S. District Court
601 Market Street
Philadelphia, PA. 19106

By: William Rivera
William Rivera
DN-4295
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

Through: Gabriel Rosa-Diaz
Gabriel Rosa-Diaz
FH 7313
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

