IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM RIVERA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> GEORGE LITTLE, et al., : <br> : <br> Defendants. : <br> : <br> : | Civil Action <br><br> No. 22-3902 |

**MEMORANDUM**

**J. Younge**  November 28, 2023

## I.     INTRODUCTION

Currently before this Court is Plaintiff William Rivera's Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 50).  The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, Plaintiff's Motion for Relief is Denied.

## II.    PROCEDURAL HISTORY/FACTUAL BACKGROUND

Plaintiff William Rivera seeks relief from this Court's August 3, 2023 Order dismissing Plaintiff's Amended Complaint.  (ECF No. 42.)  This action was commenced on October 12, 2021, when Plaintiff, a death-sentenced inmate, contested his continued confinement in administrative custody, rather than in the Capital Case Units (hereinafter "CCU"), and his placement on the Restricted Release List (hereinafter "RRL") following his assault on a prison staff member.  (Plaintiff's Request to Enforce *Reid* Settlement, ECF No. 176, 18-cv-176-CCC, M.D. Pa.)  On March 19, 2021, Plaintiff received a 90-day disciplinary sanction and, following this, remained in the Restricted Housing Unit on administrative custody status.  (*Reid* R&R, ECF

No. 182, pp. 9-10, docket: 18-cv-176-CCC, M.D. Pa.)  He was referred to the RRL on September 16, 2021, and, following approval of that referral, was transferred to the Intensive Management Unit (hereinafter "IMU").  *See* Plaintiff's Cell History, ECF No. 181-2, docket: 18-cv-176-CCC, M.D. Pa.  As part of his placement, he was entered into the IMU program, which he describes as a step-down program for RRL inmates wherein the inmates proceed through six phases of restrictive confinement and can be removed from administrative custody upon completion.  *See* Amended Complaint, ECF No. 35, pp. 3-4.  Plaintiff continues to cooperate and progress through these phases.  *See* Defendants' Exhibit B, ECF No. 52-2.

Plaintiff's initial filing in October 2021 was construed as a motion to enforce the *Reid, et al. v. Wetzel, et al.* Settlement Agreement, which stemmed from a suit brought on behalf of death-sentenced prisoners confined in the CCU.  *See* Plaintiff's Request to Enforce *Reid* Settlement, ECF No. 176, docket: 18-cv-176-CCC, M.D. Pa.  The *Reid* Court has already found that nothing in the Settlement Agreement precludes removing Plaintiff from the CCU and placing him in more restrictive housing where warranted.  (*Reid* R&R, ECF No. 182, p. 11, docket: 18-cv-176-CCC, M.D. Pa.; *Reid* Order Adopting R&R, ECF No. 183, docket: 18-cv-176-CCC, M.D. Pa.)

Subsequently, Plaintiff filed his original Complaint with this Court on September 29, 2022. (ECF No. 22.)  In his filings, Plaintiff has argued that (1) as a death-sentenced inmate, he cannot be removed from the CCU without a court order; (2) the policy of periodic review of RRL status has been suspended indefinitely and that his status has not been subject to a review process; and (3) that the conditions of his confinement, including poor sanitation and excessive noise, violate the Eighth Amendment.  *See* ECF Nos. 22, 35, 43, & 50.  After finding that Plaintiff's placement in more restrictive housing was permissible following his assault on the

prison staff member, this Court dismissed this action with prejudice on March 21, 2023. (ECF No. 25.) Plaintiff then filed an Amended Complaint (ECF No. 35) and, after finding that it was essentially identical to the original Complaint, this Court again dismissed this action on August 3, 2023 (ECF No. 42). For the same reasons, this Court denied Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) on August 23, 2023. *See* ECF Nos. 43 & 47. On October 20, 2023, Plaintiff filed this timely[1] Motion for Relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b) (hereinafter "Rule 60(b)"). (ECF No. 50.)

### III.   LEGAL STANDARD

Rule 60(b) provides grounds for relief from a final judgment where there has been a substantive development affecting the validity or justness of the judgment, including mistake, newly discovered evidence, fraud, or that the judgment has since been satisfied or made void. Where these circumstances are not found, a claimant may also move for relief from a final judgment for any other reason justifying relief. Fed. R. Civ. P. 60(b)(6). This is to be granted only in extraordinary circumstances. *Ackermann v. U.S.*, 340 U.S. 193, 212 (1950).

### IV.   DISCUSSION

Plaintiff has not set forth a cognizable claim sufficient to entitle him to relief under Rule 60(b). As discussed in this Court's August 23, 2023 Order (ECF No. 47), Plaintiff has no right against removal from the CCU. Plaintiff was transferred into administrative custody and placed on RRL status after assaulting a prison official. (Defendants' Exhibit A, ECF No. 52-1;

---

[1] A Motion for Relief made pursuant to Federal Rule of Civil Procedure 60(b) must be filed within one year for reasons (1)-(3) and, otherwise, within a reasonable time. Fed. R. Civ. P. 60(c)(1). This Motion for Relief was filed on October 20, 2023. (ECF No. 50.) The final order on this matter was entered on August 3, 2023, which is within one year of the date of Plaintiff's Motion for Relief as well as within what this Court considers a reasonable time. (ECF No. 42.)

Misconduct History, ECF No. 181-1, docket: 18-cv-176-CCC, M.D. Pa.). This is a permissible exercise of discretion by prison administrators. *See Peterkin v. Jeffes*, No. 83-cv-304, 1991 WL 137122, at *3 (E.D. Pa. July 19, 1991) ("[A] prison's internal security is peculiarly a matter [for] the discretion of prison administrators").

While Plaintiff argues that this Court should not consider *Reid* because he has removed mention of it, the fact remains that the *Reid* Court, in ruling on Plaintiff's initial filing requesting enforcement of the *Reid* Settlement Agreement, ruled on this very issue and determined that there is nothing in that Agreement or elsewhere preventing prison officials from placing capital prisoners in administrative custody when warranted. (*Reid* R&R, ECF No. 182, p. 11, docket: 18-cv-176-CCC, M.D. Pa.; *Reid* Order Adopting R&R, ECF No. 183, docket: 18-cv-176-CCC, M.D. Pa.) As Plaintiff's claim has been heard and considered on the merits in another court, this Court again declines to upset that ruling. *See Astoria Sav. And Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991) (finding that, after there had been an adequate opportunity to litigate the issue, the doctrine of collateral estoppel can prevent repeat review because "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise")

Plaintiff's argument that his RRL status has gone unreviewed is unsupported. The Third Circuit has stated that continued confinement in administrative custody, when paired with periodic review, does not constitute a violation of an inmate's due process rights under the Fourteenth Amendment. *Shoats v. Horn*, 213 F.3d 140, 147 (3d Cir. 2000). Plaintiff's RRL status *has* been subject to periodic review every few months since his placement, most recently in April 2023. *See* Defendants' Exhibit B, ECF No. 52-2. The Third Circuit has also noted that "it is not extraordinary for inmates in a myriad of circumstances to find themselves exposed . . .

to the conditions of administrative custody" for long periods of time. *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997). Here, prison administrators, in their periodic review of Plaintiff's case, have found that there is a continued and legitimate penological interest in internal security that is served by Plaintiff's placement in administrative custody, and this decision, though reoccurring, does not violate the Plaintiff's due process rights. Additionally, contrary to Plaintiff's concerns about indefinite detention in administrative custody, he is progressing steadily through the IMU process and towards his release from administrative custody and the RRL. *See* Defendants' Exhibit B, ECF No. 52-2.

Lastly, the Plaintiff has alleged that the conditions of his confinement violate the Eighth Amendment. In making an Eighth Amendment claim based on prison conditions, a plaintiff must be able to establish that prison officials were deliberately indifferent to conditions of confinement that constitute cruel and unusual punishment. U.S. Const. amend. VIII; *Tindell v. Dept. of Corrections*, 87 A.3d 1029, 1041 (Pa. Cmwlth. 2014) (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). Confinement in restricted housing units is not, by itself, enough to violate the Eighth Amendment. *Hutto v. Finney*, 437 U.S. 678, 685-687 (1978). Instead, the alleged conditions of confinement must, in combination, produce the deprivation of an "identifiable human need such as food, warmth, or exercise." *Wilson*, 501 U.S. at 304-305 (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)).

Here, Plaintiff alleges that his housing unit is infested with bugs, that the pepper spray used against other inmates lingers in the housing unit and causes burning sensations, that mentally ill inmates are being permitted to defecate inside their cells and throw waste around, and that mentally ill inmates are being permitted to make excessive noise. *See* Amended Complaint, ECF No. 35, p. 4-5. This, in combination, has caused Plaintiff declining mental

health, sleep deprivation, and loss of appetite.  *See id*.  The conditions described by the Plaintiff are certainly unpleasant, but, even assuming that the Defendants had acted with deliberate indifference to their effect on the housing unit, they do not rise to the level of an Eighth Amendment violation because they have not deprived the Plaintiff of an identifiable human need.  While unsanitary conditions can certainly increase the risk of illness, Plaintiff has identified conditions largely external to his individual unit and has not connected these conditions to the deprivation of a need.  Additionally, the Plaintiff has alleged only that he has complained about the conditions and unsuccessfully requested to be moved from the unit, not that the prison staff has wholly failed to ameliorate the issue, such as with routine cleaning.  *See id*.; *see also Tindell*, 87 A.3d at 1041 (finding that the allegation that a plaintiff has endured ailments because of poor conditions does not, in of itself, entitle them to relief without a showing that prison staff has been deliberately indifferent to those ailments, for instance by denying treatment).  This is not sufficient to support an Eighth Amendment violation claim.  Accordingly, this Court finds that the Plaintiff is not entitled to relief under Rule 60(b).

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**