### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM RIVERA, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| GEORGE LITTLE, et al., | : | NO. 22-3902 |
| Defendants. | : | |

### ORDER

AND NOW, this 4th day of December, 2023, upon consideration of Plaintiff's Motion to File a Second Amended Complaint (ECF No. 55), it is hereby **ORDERED** that such Motion is **DENIED**.[1]

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1] Plaintiff William Rivera filed his original Complaint in this Court on September 29, 2022, alleging that his placement in administrative custody and on the Restricted Release List, rather than continued confinement in the Capital Case Unit, violates his First, Eighth, and Fourteenth Amendment rights, the Americans with Disabilities Act, and the Rehabilitation Act, as well as bringing claims of negligence and intentional infliction of emotional distress. (ECF No. 1.) On May 21, 2023, the Court granted Defendants' Motion to Dismiss. (ECF No. 25.) Subsequently, Plaintiff filed a Motion to Alter or Amend the Judgment (ECF No. 29), and the Court granted Plaintiff leave to file an Amended Complaint with new claims and arguments and otherwise denied his Motion to the extent that he sought to relitigate the claims asserted in his original Complaint (ECF No. 32). Plaintiff filed his Amended Complaint on June 22, 2023. (ECF No. 35.) Having found that Plaintiff's Amended Complaint brought claims identical to his original Complaint, this Court dismissed Plaintiff's Amended Complaint without leave to amend on August 3, 2023. (ECF No. 42.) Subsequently, Plaintiff filed a second Motion to Amend or Alter Judgment (ECF No. 43) and a Motion for Relief pursuant to Federal Rule of Civil

Procedure 60(b) (ECF No. 50), both of which have been denied. *See* ECF Nos. 47 & 54. On November 29, 2023, Plaintiff filed his Motion for Leave to File a Second Amended Complaint. (ECF No. 55.)

The district courts have discretion over whether to grant a plaintiff leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). However, the courts are directed to "freely give leave when justice so requires." *Id.* In exercising its discretion, the Court should consider factors such as "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment can be considered futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010).

Here, Plaintiff seeks to add two additional Defendants and, in his Motion, reiterates the same constitutional arguments he had made in his previous filings against them and the original Defendants, all of which had been dismissed on their merits in this Court's previous Orders. *See* ECF Nos. 25, 32, 42, 47, & 54; Plaintiff's Motion, ECF No. 55. The Intensive Management Unit program is intended for those "individuals who present unique and serious security risks to the orderly operation of [prison] facilities and a safety risk to staff" to help them "address whatever issues are leading to [their] inappropriate behavior." *See* Plaintiff's Exhibit B, ECF No. 55, p. 17. This Court has already determined that Plaintiff's placement into the Intensive Management Unit, which operates as a step-down program for eventual release from the Restricted Release List, was a permissible exercise of discretion by prison administrators. *See* Memorandum Denying Motion for Relief, ECF No. 54. Plaintiff's placement has also been subject to periodic review. *See* Defendants' Exhibit B, ECF No. 52-2. While the Plaintiff asks this Court not to consider the preclusive effect of *Reid* Court's decision on this very issue (*Reid* Order Denying Plaintiff's Request to Enforce *Reid* Settlement, ECF No. 183, docket: 18-cv-176-CCC, M.D. Pa.), it remains that the Court considered Plaintiff's claims beyond that decision and came to the same conclusion. *See* Order Granting Defendants' Motion to Dismiss, ECF No. 25. This Court had additionally found that Plaintiff has not alleged facts sufficient to demonstrate that this placement constitutes a constitutional violation under the Eighth or Fourteenth Amendment. *See* Memorandum Denying Motion for Relief, ECF No. 54, pp. 4-6. As Plaintiff seeks to amend his Complaint to bring claims identical to those already dismissed, the Court finds that such an amendment would be futile. Accordingly, this Motion is Denied.